IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH,                              *

          Plaintiff *pro se*,           *

v.                                       *          Civil Action No. RDB 06-1280

THE CENTER FOR INTERNATIONAL             *
EDUCATION, INC.,
                                         *
          Defendant.
                                         *

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

This action arises from a Complaint filed by Edmund Awah ("Plaintiff") against The

Center for International Education, Inc. ("Defendant").  Currently pending before this Court is

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Defendant contends that the breach of contract claim asserted in the Complaint was

resolved in a prior lawsuit and that, as a result, this action must be dismissed under principles of

*res judicata*.  The parties' submissions have been reviewed and no hearing is necessary.  *See*

Local Rule 105.6 (D. Md. 2004).  For reasons stated below, Defendant's Motion to Dismiss is

GRANTED.

## BACKGROUND

The facts are construed in the light most favorable to Plaintiff.  In June 2002, Plaintiff

and Defendant entered into the Visiting International Faculty Program Educator Agreement (the

"Agreement").  Plaintiff contends that the purpose of the Agreement was "for the appointment of

Plaintiff as High School chemistry teacher with Guilford County Public Schools" in the State of

North Carolina.  (Compl. ¶ 1.)  Plaintiff asserts that he "performed all initial obligations" under

the Agreement by traveling from London to Ghana and South Africa to obtain visas and

"purchase a range of cultural items to be used as aids in the cultural aspects of the program."

(*Id*. at ¶ 2.)  Once he was ready to assume teaching responsibilities, however, Plaintiff maintains

that "Defendant did not make teaching position [available] and instead required Plaintiff to

reapply as appointments are on rolling basis, assuring Plaintiff of favorable consideration."  (*Id*.

at ¶ 3.)  Plaintiff alleges that despite reapplying, "Defendants declined to make an offer of

appointment."  (*Id*. at ¶ 4.)

On April 29, 2005, Plaintiff filed a *pro se* complaint against Visiting International

Faculty ("VIF") in the Superior Court for Orange County in the State of North Carolina (the

"North Carolina Action").[1]  The basis of Plaintiff's complaint in the North Carolina Action was

that VIF breached the Agreement by not making a teaching position available to Plaintiff.  (*See*

Def.'s Mem. Ex. 8.)  On September 20, 2005, VIF filed a Motion for Judgment on the Pleadings

in the North Carolina Action.  On October 17, 2005, the North Carolina Court issued an order

granting VIF's Motion for Judgment on the Pleadings and dismissing Plaintiff's Complaint with

prejudice.[2]  On January 24, 2006, the North Carolina Court denied Plaintiff's Motion to Vacate

---

[1]     The relation between the defendant in this matter—The Center for International
Education, Inc.—and the defendant in the North Carolina Action—Visiting International
Faculty—is straightforward: The Center for International Education, Inc. does business as
Visiting International Faculty.  This is reflected in the Agreement between Plaintiff and
Defendant.  (*See* Def.'s Mem. Ex. 8 (naming "The Center for International Education, Inc. d/b/a
the Visiting International Faculty Program" as party to the Agreement).)

[2]     The North Carolina Court explained that:

A hearing on Defendant's motion was held on Monday, October 17,
2005, before the undersigned judge, at which time the Court heard
argument from counsel for the defendant; the plaintiff did not appear.
Having considered the allegations in the pleadings and the
defendant's arguments and brief, the Court finds no genuine issue of
material fact as to plaintiff's claims and will grant defendant's motion

Judgment.

On May 19, 2006, Plaintiff filed a Complaint in this Court.  The basis of Plaintiff's Complaint in this action is that Defendant breached the Agreement by not making a teaching position available to Plaintiff.  (*See* Compl. ¶¶ 3-4.)  On July 5, 2006, Defendant filed the currently pending Motion to Dismiss.[3]

<u>STANDARD OF REVIEW</u>

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling

for judgment on the pleadings, and the same is hereby **DISMISSED WITH PREJUDICE**.

(Def.'s Mem. Ex. 6 (emphasis in original).)

[3]      Plaintiff is involved in another civil action in this Court.  *See Awah v. Amsher Collection Services, Inc.*, WMN 06-1899.

him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

<u>DISCUSSION</u>

The primary issue raised by Defendant's motion is whether the order resolving Plaintiff's prior litigation in the Superior Court for Orange County in the State of North Carolina is a final judgment that precludes Plaintiff from proceeding on identical causes of action in this Court. The starting point for addressing this matter is 28 U.S.C. § 1738.[4]  The Supreme Court has described that statute as follows:

> It has long been established that § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgment is given.

*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-482 (1982)). Because the prior judgment was issued by a North Carolina court, 28 U.S.C. § 1738 requires that this Court apply North Carolina principles of *res judicata* to determine the preclusive effect of that judgment.

North Carolina law requires that Defendant prove the following elements to establish that

---

[4]        28 U.S.C. § 1738 provides in relevant part:

> [J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . .

*See San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 336 (2005) ("This statute has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'") (citation omitted); U.S. CONST., art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.  And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.").

Plaintiff's claim in this matter is barred: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Erler v. Aon Risks Servs., Inc. of The Carolinas*, 540 S.E.2d 65, 68 (N.C. Ct. App. 2000), *disc. review denied*, 548 S.E.2d 738 (N.C. 2001).[5]  North Carolina courts have explained that claim preclusion only arises in actions between the same parties or those "so identified in interest as to represent the same legal right.  Privity is not established by the mere presence of a similar interest in a claim, nor by the fact that the previous adjudication may affect the subsequent party's liability." *Kaminsky v. Sebile*, 535 S.E.2d 109, 115-116 (N.C. Ct. App. 2000).

As a preliminary matter, Defendant's reliance on pleadings from the North Carolina Action and the contract between the parties does not require that this Court treat Defendant's motion to dismiss as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  First, this Court may take judicial notice of matters of public record such as the North Carolina pleadings without converting a Rule 12(b)(6) motion.  *See*, *e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record. . . .").  Second, this Court may consider documents that are referred to in a complaint and upon which the plaintiff relies in bringing the action without converting a motion to dismiss into one for summary judgment.  *See*, *e.g.*, *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161,

---

[5]       *See also Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) ("To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.") (citations and internal quotation marks omitted), *cert. denied*, 523 U.S. 1072 (1998).

1164 (4th Cir. 1994) ("New Beckley referred to the constitution in its complaint and its proposed amended complaint to justify its cause of action under 1962(c).") (citations omitted).  In this case, the contract at issue is clearly referred to by Plaintiff in his Complaint and relied upon by Plaintiff in bringing this action.  (*See* Compl. ¶¶ 1-5.)

There is no question that principles of *res judicata* bar the cause of action for breach of contract that Plaintiff asserts in his Complaint.  First, the judgment issued by the North Carolina Court in Plaintiff's prior litigation is a final judgment on the merits.  As noted above, the North Carolina Court resolved a motion for judgment on the pleadings by entering an order dismissing Plaintiff's claims with prejudice.  This order constitutes a final judgment on the merits.  *See*, *e.g.*, *Barnes v. McGee*, 204 S.E.2d 203, 205 (N.C. Ct. App. 1974) ("A dismissal 'with prejudice' is the converse of a dismissal 'without prejudice' and indicates a disposition on the merits.  It is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff.") (citation omitted).[6]

Second, the cause of action asserted in this matter is identical to those at issue in the North Carolina Action.  In both cases, Plaintiff contends that Defendant's failure to offer him a teaching position constitutes a breach of the Visiting International Faculty Program Educator Agreement dated May 31, 2002 (the "Agreement").  The only difference is that, in this action, Plaintiff seeks damages in the amount of $186,900 and, in the North Carolina Action, Plaintiff sought damages in the amount of $123,000 plus costs and interest.  (*See* Compl. ¶ 5; Def.'s Mem. Ex. 8.)  This distinction does not impact this Court's determination that the cause of action

---

[6]    *See also Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996) (judgment on the pleadings is a decision on the merits); *Fairmont Aluminum Co. v. C.I.R.*, 222 F.2d 622, 625 (4th Cir. 1955) (noting that "[c]ertainly a judgment on an agreed statement of facts is a judgment on the merits, just as is a judgment on the pleadings.").

in Plaintiff's earlier and later suits is identical.

Third, the parties in this case or their privies are identical to those in the North Carolina Action.  As noted above, the defendant in this action is "The Center for International Education, Inc.," while the defendant in the North Carolina Action was "Visiting International Faculty."  These entities are identical or, at the very least, in privity with one another for two reasons.  First, the Agreement between the parties reflects that Visiting International Faculty is the "doing business as" entity for The Center for International Education, Inc.  (*See* Def.'s Mem. Ex. 8 (naming "The Center for International Education, Inc. d/b/a the Visiting International Faculty Program" as party to the Agreement).  Second, as Defendant points out, Plaintiff's claim in this action is that The Center for International Education, Inc. is responsible for actions that, in the context of the North Carolina Action, Plaintiff attributed to Visiting International Faculty.  This demonstrates that, to the extent these entities are distinct, Plaintiff's pleadings treat them as representing the same legal right.  As a result, this Court rejects Plaintiff's contention that "the two cases are not the same for the simple reason that the Defendants were not the same."  (Pl.'s Opp. p. 6); *see also Kaminsky*, 535 S.E.2d at 115-116 (claim preclusion arises in actions between the same parties or those "so identified in interest as to represent the same legal right").

Finally, this Court has considered Plaintiff's argument that the principles of *res judicata* should not be applied in this case because Plaintiff (1) experienced difficulty in communicating with the Clerk of the North Carolina Court, and (2) contends that Defendant's arguments in the North Carolina Action focused not on the merits but on insufficiency of process and service of process.  These arguments have no impact on this Court's analysis.  Plaintiff did not file an opposition to Defendant's Motion for Judgment on the Pleadings on the North Carolina Action and did not appear at the hearing conducted by the North Carolina Court with respect to that

motion.  This Court's review of the Motion for Judgment on the Pleadings filed in the North

Carolina Action indicates that it attacked the merits of Plaintiff's claim, and did not focus on

insufficiency of process and service of process.  Finally, the Order issued by the North Carolina

Court granting Defendant's Motion for Judgment on the Pleadings confirms that the decision to

dismiss Plaintiff's prior litigation was made on the merits.  (*See* Def.'s Mem. Ex. 6 ("Having

considered the allegations in the pleadings and the defendant's arguments and brief, the Court

finds no genuine issue of material fact as to plaintiff's claims and will grant defendant's motion

for judgment on the pleadings, and the same is hereby **DISMISSED WITH PREJUDICE**.")

(emphasis in original).)

CONCLUSION

For reasons stated above, the doctrine of *res judicata* requires that this Court give

preclusive effect to the final judgment in Plaintiff's prior litigation that was issued by the

Superior Court for Orange County in the State of North Carolina.[7]  Accordingly, Defendant's

Motion to Dismiss is GRANTED.  A separate Order follows.

Dated: December 15, 2006                          /s/_____
                                                  Richard D. Bennett
                                                  United States District Judge

---

[7]        In light of the above rulings, this Court need not address Defendant's arguments regarding improper venue.